UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORENE YOUNG,

    Plaintiff,

v.                                                                            Case No.: 8:06-cv-1350-T-27MAP

CARGILL JUICE NORTH AMERICA, INC.
f/k/a CARGILL CITRO-AMERICA, INC., and
KC CROMWELL, INC. f/k/a SPARTAN
PREMIER, INC. d/b/a CITRUS FORCE STAFFING,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

After Plaintiff filed this intentional tort action in state court, the Defendants removed it here alleging subject matter jurisdiction (docs. 1, 9). Now Plaintiff moves to remand the matter to state court (doc. 11). Several matters are at issue: whether Plaintiff's motion is timely, whether Defendant KC Cromwell's notice of removal is timely, and whether subject matter jurisdiction exists to keep the case in federal court. Because Plaintiff's motion should have been filed within thirty days upon the filing of the notice of removal and her arguments based on lack of subject matter jurisdiction are meritless, I recommend the district judge deny Plaintiff's motion for remand.[1]

    *A. Standard of Review*

Unlike the liberal pleading rules dealing with complaints, the removal statutes are narrowly construed. Any uncertainties about jurisdiction are resolved in favor of remand. *Burns v. Windsor*

---

[1] The district judge referred the matter to me for a report and recommendation (doc. 12). *See* 28 U.S.C. § 636 and Local Rule 6.01(b).

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). This view promotes the principle that federal courts are courts of limited jurisdiction. *Burns,* 31 F.3d at 1095. Therefore, it follows that the removing party bears the burden of demonstrating federal jurisdiction. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998). A motion to remand based on a procedural defect must be made within thirty days after the notice of removal. 28 U.S.C. § 1447(c). However, if the defect concerns subject matter jurisdiction, the court can remand the case back to state court anytime before final judgment. *Id.*

### B. Background

Plaintiff served its state court complaint on Defendant Cargill on January 13, 2006, and on Defendant KC Cromwell on January 20, 2006. *See* doc. 2. The complaint alleged Plaintiff was a resident of Florida, Defendant KC Cromwell was a Florida corporation authorized and doing business in Florida, and Defendant Cargill was a Delaware corporation organized and existing under the laws of Florida. It also alleged that Plaintiff was seeking damages in excess of $15,000, which satisfied the jurisdictional amount of Florida circuit courts. Six months later (June 23, 2006), however, Plaintiff notified Defendant KC Cromwell for the first time in amended discovery responses that it sought damages in excess of $75,000. Given this development, Defendant KC Cromwell then filed its notice of removal on July 21, 2006.

Plaintiff moves to remand on three grounds: (1) the notice of removal was untimely; (2) the lack of complete diversity requires remand; and (3) the amount in controversy for federal jurisdiction is not satisfied. Defendants claim that Plaintiff's motion is untimely and her arguments regarding diversity and the amount in controversy requirements are meritless.

2

*C. Discussion*

*1. Timeliness*

Two issues surface regarding timeliness: whether Plaintiff's motion for remand is timely and whether Defendant KC Cromwell's notice of removal is timely. For the reasons detailed below, I find that Plaintiff's motion for remand is untimely and Defendant KC Cromwell's notice of removal is timely.

Defendant KC Cromwell argues that Plaintiff's motion for remand is untimely under 28 U.S.C. § 1447(c), which states that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). In this case, the notice of removal was filed July 21, 2006; Plaintiff filed her motion for remand on August 25, 2006, four days late under 28 U.S.C. § 1447(c).

The commentary to 28 U.S.C. § 1447 states:

> Subdivision (c) imposes a 30-day limit on the time the plaintiff has to move the federal court to remand a case after it has been removed from a state court if the basis for the remand motion is a mere defect in the procedure used in the removal process. An example of such a defect would be where the case was removed too late under subdivision (b) of § 1446.

Plaintiff's argument regarding the alleged untimeliness of Defendant KC Cromwell's notice of removal under 28 U.S.C. § 1446(b) concerns a procedural defect. Because Plaintiff failed to seek remand within thirty days from the notice of removal, her motion is untimely.

However, even if the motion for remand was timely, Plaintiff's argument that Defendant KC Cromwell's notice of removal was untimely would fail. Plaintiff argues that 28 U.S.C. § 1446(b) requires Defendant KC Cromwell's notice of removal be filed within thirty days from the filing of

the complaint. Since Defendant Cargill was served with the complaint on January 13, 2006, and Defendant KC Cromwell was served on January 20, 2006, Plaintiff argues that the Defendants were required to file their notice of removal on or before February 12, 2006. However, the second paragraph of 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable.

On or about June 23, 2006, Plaintiff notified Defendant KC Cromwell for the first time she was seeking damages in excess of $75,000.00, the requisite jurisdictional amount. *See* doc. 1, pp. 7, 13. With thirty days to file its notice of removal from that date, Defendant KC Cromwell filed its notice on July 21, 2006.

### 2. *complete diversity*

Plaintiff claims that there is a lack of complete diversity in this case and, therefore, there is no basis for federal jurisdiction. Specifically, Plaintiff argues that the complaint only states that Plaintiff is a resident of Florida, but makes no allegations as to Plaintiff's citizenship. Additionally, Plaintiff contends the complaint states that Defendant KC Cromwell is a Florida corporation doing business in Florida. Therefore, the parties are not in complete diversity as required by 28 U.S.C. § 1332 to invoke federal jurisdiction. However, Defendant KC Cromwell submits proof that Plaintiff is a Florida citizen and Defendant KC Cromwell is a North Carolina citizen thereby satisfying the requirements for complete diversity under 28 U.S.C. § 1332.[2] Because diversity is an issue of

---

[2] Defendant Cargill also submits proof that it is a Delaware corporation with its principal place of business in Minnesota. *See* doc. 16, Exh. A.

subject matter jurisdiction, Plaintiff's motion on this ground is not subject to the thirty day requirement of 28 U.S.C. § 1447(c).

A defendant has the burden of alleging jurisdiction for removal. *Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978). Because the parties' citizenship is not usually stated in a state court complaint, a defendant seeking to remove on the basis of diversity is allowed to show facts regarding citizenship in its petition for removal. *Id.* at 1077. The fact that the complaint may be "couched in nebulous mathematical phraseology" does not prevent a defendant from removing a case if the notice alleges that all the required factors of diversity jurisdiction exist at the time of removal. *Id.* at 1077 (quoting *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir. 1961)). If the defendant's allegations in the notice of removal are sufficient to justify removal and the plaintiff denies those allegations in a motion to remand, a factual determination is necessary. *Id.* at 1078. But where the plaintiff never specifically denies the allegations, the defendant is not legally required to prove the allegations in its notice. *Id.*

In her motion for remand, Plaintiff does not deny that she is a Florida citizen, Defendant KC Cromwell is a North Carolina citizen, and Defendant Cargill is a Delaware and Minnesota citizen. She simply states that "[t]he requisite diversity of citizenship as to the Plaintiff and the defendants is not apparent on the face of the Complaint." *See* doc. 11, p. 7. However, Defendants submitted evidence that Plaintiff is a Florida citizen, Defendant KC Kromwell is a citizen of North Carolina, and Defendant Cargill is a citizen of Delaware and Minnesota. *See* docs. 13-2, 16, Exh. A. This establishes diversity of citizenship under 28 U.S.C. § 1332. Therefore, Defendant KC Cromwell's notice adequately establishes that diversity jurisdiction exists and Plaintiff's motion should be denied on this ground.

*3. amount in controversy*

Plaintiff claims that the amount in controversy requirement for federal jurisdiction is not met, because her complaint only alleges that she is seeking damages in excess of $15,000. "Where a plaintiff fails to specify the total amount of damages demanded, ..., a defendant seeking removal based on diversity of jurisdiction must prove by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, Defendants are able to establish by a preponderance of the evidence that Plaintiff is seeking damages in excess of $75,000, as required for federal jurisdiction under 28 U.S.C. § 1332. In Plaintiff's amended responses to Defendant KC Cromwell's discovery requests, she admits that she is claiming damages that exceed $75,000. *See* doc. 1, pp. 7, 13. Under these circumstances, Defendants have established by a preponderance of evidence that Plaintiff is seeking damages in excess of $75,000, so the amount in controversy requirement of subject matter jurisdiction is satisfied. Therefore, remand is not warranted on this ground.

*D. Conclusion*

Accordingly, it is

RECOMMENDED:

1.      Plaintiff's Motion for Remand (doc. 11) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida, on this 13th day of November, 2006.

     *[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report. It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:   The Honorable James D. Whittemore
      Counsel of Record