UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORENE YOUNG,

    Plaintiff,

v.                                       Case No.: 8:06-cv-1350-T-27MAP

CARGILL JUICE NORTH AMERICA, INC.
f/k/a CARGILL CITRO-AMERICA, INC., and
KC CROMWELL, INC. f/k/a SPARTAN
PREMIER, INC. d/b/a CITRUS FORCE STAFFING,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, employed by a temporary staffing company (KC Cromwell), suffered injuries in December 2001 from an ammonia leak while working at Cargill's plant. She brings this action for intentional torts against Cargill (count one) and KC Cromwell (count two) claiming both firms knew about the dangerous conditions and failed to warn her. KC Cromwell now argues the Court should dismiss the Plaintiff's claim against it per Rule 12(b)(6) because she cannot prove a set of facts entitling her to relief under the intentional tort exclusion of Florida's worker compensation scheme (doc. 3). After consideration, I agree and recommend the district judge dismiss Plaintiff's claim against KC Cromwell.[1]

*A. Standard of Review*

When considering a Rule 12(b)(6) motion to dismiss, a court views the complaint, with its

---

[1] The district judge referred the matter to me for a report and recommendation (doc. 18). *See* 28 U.S.C. § 636 and Local Rule 6.01(b). Cargill did not join in KC Cromwell's motion; consequently, Plaintiff's claim against Cargill remains intact.

attached pleadings and exhibits, in the light most favorable to the plaintiff taking its factual allegations as true and accepting all reasonable inferences therefrom. *See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n.12 (11th Cir. 2005). Yet, the court need not accept conclusory allegations, unwarranted factual deductions, and conclusions of law as true. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002). In making such an assessment, Rule 8's liberal notice requirements should be observed: "a short and plain statement of the claim showing the pleader is entitled to relief." *United States v. Baxter Intern., Inc.,* 345 F.3d 866, 880-881 (11th Cir. 2003). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which is an exceedingly low threshold, the complaint should not be dismissed. *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).[2]

*B. Discussion*

Florida law provides worker's compensation as the exclusive remedy for employees who are injured or die in the course of their employment. Fla. Stat. § 440.11(1). Accordingly, employers are generally immune from tort liability whereby employees are prevented from bringing common law negligence suits against their employer. *Locke v. Suntrust Bank*, 2006 WL 923763, *2 (M.D. Fla. 2006) (citing *Turner v. PCR, Inc.*, 754 So. 2d 683, 686 (Fla. 2000)). However, an intentional tort exception exists to this scheme where the employer deliberately intends to injure the employee or the employer engages in conduct he knows is substantially certain to result in an employee's

---

[2] KC Cromwell, before removal to this Court, filed its motion to dismiss in state court under Fla. R. Civ. P. 1.140(b)(6). In general, a federal court takes the case on removal exactly as the case stood in state court and treats all pending motions as if filed in federal court. *See* 16 *Moore Federal Practice,* § 107.31[3]. Of course, once removed the Federal Rules of Civil Procedure govern the case. *Granny Goose Foods, Inc. v. Brotherhood of Team, Etc.,* 94 U.S. 433, 437 (1974); *Castleberry v. Goldome Credit Corp.,* 408 F.3d 773, 784 (11th Cir. 2005).

injury or death. *Turner*, 754 So. 2d at 687; Fla. Stat. § 440.11(2).[3] In assessing such claims, courts use an objective standard. *Traveler's Indemnity Co. v. PCR Inc.*, 889 So. 2d 779, 782-83 (Fla. 2004). Specifically, "the relevant question is not whether the employer actually knew that its conduct was substantially certain to result in injury or death but, rather, whether the employer *should have known* that its conduct was substantially certain to result in injury or death." *Id.* (emphasis supplied.) "A showing of substantial certainty requires a showing greater than gross negligence." *Bombay Co. v. Bakerman*, 891 So. 2d 555, 557 (Fla. Dist. Ct. App. 2004) (citing *Turner*, 754 So. 2d at 687 n.4).

In view of this stringent standard, the Plaintiff's factual allegations against KC Cromwell are sparse. She simply alleges that "KC Cromwell was aware of ... Cargill's conduct ... and nevertheless represented the safety of the working conditions to its employees including Plaintiff ... [by] failing to warn of the certain danger." *See* doc. 2 ¶ 17. She does not, for example, contend that KC Cromwell deliberately intended to injure her or engaged in conduct it knew was substantially certain to result in her injury or death. Irrespective, an employer's knowledge of dangerous working conditions (which is what she alleges) is insufficient to establish an exception to worker's compensation immunity where there is no evidence of deliberate indifference to employee safety. *Bourassa v. Busch Entertainment Corp.*, 929 So. 2d 552, 559 (Fla. Dist. Ct. App. 2006).

---

[2] The Legislature amended Fla. Stat. § 440.11 and overruled *Turner* in 2003 by replacing the "substantial certainty" standard with the higher standard of "virtually certain." Because the amendment is not retroactive and the incident in this case occurred in 2001, the "substantial certainty" standard applies here. *FCCI Ins. Co. v. Horne*, 890 So. 2d 1141, 1143 n.5 (Fla. Dist. Ct. App. 2004) (citing *Feraci v. Grundy Marine Const. Co.*, 315 F.Supp.2d 1197, 1205 n.11 (N.D. Fla. 2004.))

*C. Conclusion*

For these reasons, I recommend the district judge grant KC Cromwell's motion to dismiss (doc. 3) the complaint as to it (count two) pursuant to Rule 12(b)(6) and give Plaintiff thirty days to amend her complaint.

IT IS SO REPORTED at Tampa, Florida, on this January 9, 2007.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report. It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:   The Honorable James D. Whittemore
      Counsel of Record